# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3812

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *    Appeal from the United States
      v.                                     *    District Court for the Eastern
                                             *    District of Missouri.
Stanley L. Frenchie,                         *
                                             *        [UNPUBLISHED]
            Appellant.                       *

_____

Submitted: May 9, 2005
Filed:  May 20, 2005

_____

Before LOKEN, Chief Judge, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

On August 25, 2004, Stanley Frenchie was charged with violating the conditions of his supervised release by committing a residential burglary, in violation of state law. The district court held that Frenchie violated the conditions of his release and sentenced him to twenty-two months' imprisonment. This appeal followed. Frenchie raises a Sixth Amendment challenge to the use of an out-of-court statement at his revocation hearing. We affirm.

## I.    BACKGROUND

At Frenchie's revocation hearing the government presented one witness, Officer Wilkison, one of the officers who investigated the burglaries at issue. Officer Wilkison testified that on the evening in question he responded to two separate burglary calls at an apartment complex in St. Charles, Missouri. After completing his investigation at the first burglary, and after arriving at the scene of the second, he received information from his dispatch describing a suspicious person who had ducked between two apartment buildings and was walking away. Given that information, Officer Wilkison drove around the vicinity to locate this individual and eventually pulled over Frenchie in his car because Frenchie matched the description provided by dispatch.

Officer Wilkison noticed Frenchie's shoes were muddy and asked him to step out of the car. There had been muddy footprints at the scene of one of the burglaries. Upon searching the vehicle, Officer Wilkison seized several pieces of jewelry, including a class ring bearing the name of one of the burglary victims, brown gloves, a cell phone, cash, and a screw driver that was consistent with a pry mark left at one of the burglary scenes he investigated. Officer Wilkison then took Frenchie into custody.

Officer Wilkison referenced an out-of-court statement during his direct examination that was made by one of the burglary victims, Jerrod Groce. Officer Wilkison testified that Groce said that his door was locked before the burglary and that the porch door had been pried open.

## II.    DISCUSSION

We review constitutional questions de novo. United States v. Martin, 382 F.3d 840, 844 (8th Cir. 2004). Frenchie argues that under the Sixth Amendment he had

a right to confront Groce at his revocation hearing, citing <u>Crawford v. Washington</u>, 541 U.S. 36 (2004). Confrontation right violations are subject to the harmless error analysis found in <u>Chapman v. California</u>, 386 U.S. 18, 24 (1967), which requires that the error be harmless beyond a reasonable doubt. <u>United States v. Chapman</u>, 356 F.3d 843, 846 (8th Cir. 2004). "'When the evidence of a defendant's guilt is overwhelming, appellate courts have held that violations of the confrontation clause by the admission of hearsay statements are harmless beyond a reasonable doubt.'" <u>United States v. Wells</u>, 347 F.3d 280, 290 (8th Cir. 2003) (quoting <u>United States v. Williams</u>, 181 F.3d 945, 952 (8th Cir. 1999)), <u>cert. denied</u>, 124 S. Ct. 2435 (2004). This is such a case so we need not address Frenchie's Sixth Amendment argument.

The district court had a sufficient basis upon which to make its determination regarding Frenchie's revocation without Officer Wilkison's testimony of what Groce said. Although Frenchie argues that the district court revoked his supervised release based entirely on Groce's out-of-court statement, we disagree. As noted above, the district court based its revocation determination on the direct testimony of Officer Wilkison, who substantiated Frenchie's participation in the burglaries with his personal knowledge. Groce's statement was certainly not "the only bases for any type of finding that Mr. Frenchie committed a violation of his supervised release," as Frenchie argues.

Based on Officer Wilkison's first-hand knowledge and testimony, we know that Frenchie was present in the burglarized area within minutes of the time the second burglary was reported, he matched the description that dispatch provided Officer Wilkison, he possessed a screw driver that matched the pry mark on the door of an apartment that had been burglarized, he carried brown gloves in the front seat of his car, his muddy shoes were consistent with the muddy shoe prints left at one of the burglaries, he had numerous pieces of jewelry in the front seat of his car, and he attempted to hide that jewelry when Officer Wilkison asked him to step out of his vehicle. Without considering any of the challenged evidence, the district court had

sufficient properly admitted evidence to conclude that Frenchie participated in a burglary and thereby violated the conditions of his supervised release.  At most, Officer Wilkison's testimony regarding Groce's statement was superfluous and did not contribute to the district court's conclusion.  Thus, its admission, even if erroneous, was harmless beyond a reasonable doubt.

## III.   CONCLUSION

For the reasons stated herein, we affirm.

_____